Julie R. Trotter, Bar No. 209675
Shirin Forootan, Bar No. 260390
CALL & JENSEN
A Professional Corporation
610 Newport Center Drive, Suite 700
Newport Beach, CA  92660
Tel:   (949) 717-3000
Fax:   (949) 717-3100
jtrotter@calljensen.com
sforootan@calljensen.com
Attorneys for Defendant Kohl's Department Stores, Inc.

David P. Myers, Bar No. 209675
John Tomberlin, Bar No. 310435
The Myers Law Group
9327 Fairway View Place, Suite 100
Rancho Cucamonga, CA  91730
Tel:   (909) 919-2027
Fax:   (949) 717-3100
jtomberlin@myerslawgroup.com
Attorneys for Plaintiff Jamie Stoffel

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| JAMIE STOFFEL,<br><br>   Plaintiff,<br><br>  vs.<br><br>KOHL'S DEPARTMENT STORES, INC.,<br>a Delaware corporation; and DOES 1<br>through 10 inclusive,<br><br>   Defendants. | Case No.  5:17-cv-2168 R (KKx)<br><br>**JOINT REPORT OF EARLY<br>MEETING/RULE 26(f) REPORT**<br><br>Complaint Filed:   August 24, 2017<br>Trial Date:   None Set |

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Local Rule 26-1 of the United States District Court for the Central District of California, and the Court's Notice to Counsel, ¶ 8, counsel for Plaintiff Jamie Stoffel ("Stoffel" or "Plaintiff") and counsel for Defendant Kohl's Department Stores, Inc. ("Kohl's" or "Defendant") held an in-person conference on November 17, 2017. Stoffel and Kohl's respectfully submit the following Joint Report of Early Meeting.

## I.   STATEMENT OF THE CASE

### A.   Plaintiff's Position

After nearly fifteen years of service, Defendant's terminated Plaintiff for complaining about not receiving reasonable accommodations for the disability she suffered at work. Plaintiff's disability was primarily shoulder-related and had a prescribed work restriction against repetitive or excessive lifting, pushing, or pulling. Prior to her termination, Plaintiff's supervisor repeatedly pressured her to perform tasks that were in obvious violation of her work restrictions. Plaintiff responded to her supervisor's harassment by calling Defendant's "integrity hotline," and on the same day Defendant addressed her hotline complaints it initiated the disciplinary performance plan it ultimately claimed as the reason for her termination. Defendant also failed to provide Plaintiff with the uninterrupted meal breaks she is entitled to by law.

### B.   Defendant's Position

Defendant denies Plaintiff's allegations.   Prior to Plaintiff's termination in November 2016, Plaintiff had a history of work performance problems, including but not limited to, violation of Kohl's Attendance Policy, for which she was disciplined in writing in May 2016.  Plaintiff was terminated for failing to meet her job expectations. Her termination paperwork identifies several examples (with dates) where such issues were previously brought to her attention, but to no avail.  Furthermore, Kohl's has a comprehensive accommodations process which they engaged in with Plaintiff and provided her the accommodation requested, including workplace modifications and leave

of absence.  During Plaintiff's employment, Kohl's also has had a policy and practice of providing meal periods.

## II.   PRINCIPAL LEGAL ISSUES

### A.   Plaintiff's Position

Defendant terminated Plaintiff in retaliation for complaints Plaintiff made. Plaintiff made complaints about her doctor-ordered disability work restrictions not being provided for as well as harassment by her supervisor regarding her work restrictions. Defendant failed to accommodate Plaintiff and in response to her complaint about the ongoing pressure placed on her to violate her work restriction, Defendant placed her on the disciplinary performance plan it ultimately cites as a legitimate, non-discriminatory reason for her termination.

Plaintiff was also entitled to a thirty-minute uninterrupted meal break after five hours worked in a shift. Defendant's policies and practices did not allow Plaintiff to consistently take uninterrupted meal breaks after five hours worked in a shift.

### B.   Defendant's Position

Given that Plaintiff's employment was terminated for legitimate, non-discriminatory reasons, Defendant did not engage in unlawful discrimination, retaliation, or wrongful termination.  Defendant has a comprehensive process for workplace accommodations, which it applied to Plaintiff when she suffered a workplace injury. Therefore, Defendant is not liable for failing to prevent discrimination/retaliation, failing to accommodate, and/or failing to engage in the interactive process.  Nor is Kohl's liable for violating meal period laws because Kohl's has a policy and practice of providing adequate meal periods, including to Plaintiff.

## III.   ADDITIONAL PARTIES AND AMENDMENT OF PLEADINGS

Although discovery has not yet begun, the parties do not presently believe that any additional parties are likely.

## IV.   ANTICIPATED MOTIONS

### A.   Plaintiff's Position

At this time, Plaintiff does anticipate any motions but lacks information to determine additional motions that may be required prior to trial (e.g. motion in limine).

### B.   Defendant's Position

Defendant anticipates bringing a summary judgment/adjudication motion after discovery. At this time, Defendant lacks information to determine whether additional motions will be required.

## V.   SETTLEMENT DISCUSSIONS AND PROCEDURE

### A.   Plaintiff's Position

Plaintiff is open to resolve this dispute. Plaintiff's counsel typically reserves such discussions until after a Defendant's person most knowledgeable is deposed.

### B.   Defendant's Position

Defendant is open to resolve this dispute and finds that a fruitful time to do so is usually after the Plaintiff's deposition and after a reasonable demand from the Plaintiff.

## VI.   DISCOVERY PLAN

### A.   Initial Disclosures

The parties have agreed to serve their Initial Disclosures by December 1, 2017, 14 days after the Early Meeting of Counsel/Rule 26(f) conference.

### B.   Subjects and Timing of Discovery

#### 1.   Subjects of Discovery

The following are subjects on which the parties currently intend to conduct discovery. However, the parties do not intend this to constitute the entirety of the subject matters on which discovery may be taken or to limit their ability to take discovery on additional subject matters, as needed.

### a)    Plaintiff's Position

Plaintiff intends to take discovery regarding the facts, witnesses, and documents supporting or disproving Plaintiff's claims for discrimination, retaliation, failure to engage in the interactive process, failure to accommodate, failure to prevent discrimination and retaliation, and failure to provide adequate meal periods. This is anticipated to include the deposition of Defendant's Person Most Knowledgeable, the depositions of Defendant's employees, and Defendant's written policies and practices – subject to modification once the parties engage in discovery.

### b)    Defendant's Position

Defendant intends to take discovery regarding the facts, witnesses, and documents supporting or disproving Plaintiff's claims for discrimination, retaliation, failure to engage in the interactive process, failure to accommodate, failure to prevent discrimination and retaliation, and failure to provide adequate meal periods.  This would include Plaintiff's deposition, depositions of medical providers, and testimony from Defendant's employees, subject to modification once the parties engage in discovery.

### 2.    Phased Discovery

The parties do not believe at this time that discovery should be conducted in phases.

### 3.    Timing

The parties will proceed with discovery as expeditiously as possible. They will respond as quickly as the breadth of the discovery requests makes possible. The parties will soon serve discovery requests on the topics addressed in Section VI.B.1.b.

### C.    Experts

Subject to discovery, the parties anticipate using experts in this case for economic and non-economic damages.

///

///

///

### D. Electronically Stored Information

The parties do not believe that it is necessary at this time to modify any of the requirements and limitations imposed by the Federal Rules of Civil Procedure, including but not limited to, Rule 34(b)(2)(E).

### E. Privilege or Protection as to Trial Preparation Materials

At this time, the parties are not aware of any issues about claims of privilege or of protection as to trial-preparation materials.

### F. Limitations on Discovery

The parties do not believe that it is necessary at this time to modify any limitations imposed by the Federal Rules of Civil Procedure or the Local Rules.

### G. Other Orders

The parties join in requesting the Court's order that any motion under Rule 56 for Summary Judgment shall provide to the Responding Party three weeks for a Response and two weeks for a Reply from the moving party.

The parties do not believe that it is necessary at this time for the Court to issue any other orders under Rule 26(c) or under Rule 16(b) and (c).

## VII. TRIAL ESTIMATE

The parties estimate that the trial in this action will last 5-7 days.

## VIII. COMPLEXITY OF CASE

The parties agree that the Manual for Complex Litigation should not be utilized in this case.

## IX. SEVERANCE OR BIFURCATION

The parties do not believe that severance or bifurcation is necessary.

///

///

## X.     OTHER ISSUES AFFECTING CASE MANAGEMENT

At this time, the parties are not aware of any other issues affecting case management.

## XI.     PROPOSED PRE-TRIAL AND TRIAL DATES

- Fact Discovery cutoff:  August 6, 2018
- Expert Disclosures:  Per FRCP 26(a)(2)(D)
- Rebuttal Expert Disclosures:  2 weeks after Expert Disclosures
- Last Day to Hear Motions:  September 17, 2018
- Pretrial Conference Date: October 8, 2018
- Trial date: November 5, 2018

Dated:  November 29, 2017          CALL & JENSEN
                                   A Professional Corporation
                                   Julie R. Trotter
                                   Shirin Forootan


                                   By: */s/ Shirin Forootan*
                                       Shirin Forootan

                                   Attorneys for Defendant Kohl's Department
                                   Stores, Inc.

Dated:  November 29, 2017          THE MYERS LAW GROUP
                                   David P. Myers
                                   John M. Tomberlin


                                   By: */s/ John Tomberlin*
                                       John Tomberlin

                                   Attorneys for Plaintiff Jamie Stoffel

1

## <u>SIGNATURE CERTIFICATION</u>

2

3      I, Shirin Forootan, hereby attest under Local Rule 5-4.3.4(a)(2)(i) that all other

4   signatories listed, and on whose behalf this filing is submitted, concur in the filing's

5   content and have authorized the filing.

6

7                                    By: */s/ Shirin Forootan*
                                         Shirin Forootan
8
                                    Attorneys for Defendant Kohl's Department
9                                   Stores, Inc.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28