Julie R. Trotter, Bar No. 209675
Shirin Forootan, Bar No. 260390
CALL & JENSEN
A Professional Corporation
610 Newport Center Drive, Suite 700
Newport Beach, CA 92660
Tel: (949) 717-3000
Fax: (949) 717-3100
jtrotter@calljensen.com
sforootan@calljensen.com

Attorneys for Defendant Kohl's Department Stores, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| JAMIE STOFFEL,<br><br>Plaintiff,<br><br>vs.<br><br>KOHL'S DEPARTMENT STORES, INC., a Delaware corporation; and DOES 1 through 10 inclusive,<br><br>Defendants. | Case No. 5:17-cv-2168 R (KKx)<br><br>Assigned for All Purposes To:<br>Judge Manuel L. Real<br>Dept. 880<br><br>**DEFENDANT KOHL'S DEPARTMENT STORES, INC.'S NOTICE OF MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION**<br><br>Date: July 16, 2018<br>Time: 10:00 a.m.<br>Dept: 880<br><br>Complaint Filed: August 24, 2017<br>Trial Date: August 28, 2018 |

TO PLAINTIFF JAMIE STOFFEL AND TO HER ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on July 16, 2018, at 10:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 880 of the United Stated District Courthouse, located at 255 East Temple Street, Los Angeles, California, before the Honorable Judge Manuel L. Real presiding, Defendant Kohl's Department Stores, Inc., ("Kohl's") will, and hereby does, move this Court pursuant to Federal Rule of Civil Procedure 56 for summary judgment in favor of Kohl's and against Plaintiff Jamie Stoffel ("Plaintiff") as to all claims in Plaintiff's Complaint for all of the reasons set forth below in Issue Nos. 1 through 16.

Alternatively, if for any reason this motion is not granted in its entirety, Kohl's will, and hereby does, move this Court for an order of partial summary judgment, adjudicating that the following issues have been established without substantial controversy against Plaintiff, that no further proof shall be required thereon in this action, and that any final judgment in this action shall, in addition to any matter determined at trial, be based upon the issues as so established.

**Issue No. 1**:  Plaintiff's first cause of action for disability discrimination in violation of the Fair Employment and Housing Act ("FEHA") fails because Plaintiff cannot establish that her alleged disability was a substantial motivating factor in Kohl's decision to terminate her employment, and thus, she cannot demonstrate a *prima facie* case for disability discrimination.

**Issue No. 2**: Plaintiff's first cause of action for disability discrimination in violation of FEHA fails because the undisputed evidence establishes that Kohl's had a legitimate, non-discriminatory, business reason for terminating Plaintiff's employment, and Plaintiff cannot establish that Kohl's stated reasons are a pretext to mask unlawful disability discrimination.

**Issue No. 3**:  Plaintiff's second cause of action for retaliation in violation of FEHA fails because Plaintiff cannot establish that her alleged protected activity was a

substantial motivating factor in Kohl's decision to terminate her employment, and thus, she cannot demonstrate a *prima facie* case for retaliation based on protected complaint.

**Issue No. 4**: Plaintiff's second cause of action for retaliation in violation of FEHA fails because the undisputed evidence establishes that Kohl's had a legitimate, non-discriminatory, business reason for terminating Plaintiff's employment, and Plaintiff cannot establish that Kohl's stated reasons are a pretext to mask unlawful retaliation.

**Issue No. 5**: Plaintiff's third cause of action for retaliation for requesting a reasonable accommodation in violation of FEHA fails because the undisputed evidence establishes that Plaintiff cannot demonstrate a causal connection between her requests for accommodation and the termination of her employment in order to make a *prima facie* case for retaliation based on requesting accommodation.

**Issue No. 6**: Plaintiff's third cause of action for retaliation for requesting a reasonable accommodation in violation of FEHA fails because the undisputed evidence establishes that Kohl's had a legitimate, non-discriminatory, business reason for terminating Plaintiff's employment, and Plaintiff cannot establish that Kohl's stated reasons are a pretext to mask unlawful retaliation.

**Issue No. 7**: Plaintiff's fourth cause of action for failure to prevent discrimination and retaliation in violation of FEHA fails because the undisputed evidence demonstrates that Plaintiff cannot establish that she was unlawfully discriminated or retaliated against by Kohl's.

**Issue No. 8**: Plaintiff's fourth cause of action for failure to prevent discrimination and retaliation in violation of FEHA fails because the undisputed evidence establishes that Kohl's took all reasonable steps to prevent alleged retaliation or discrimination.

**Issue No. 9**: Plaintiff's fifth cause of action for failure to accommodate disability in violation of FEHA fails because the undisputed evidence establishes Plaintiff failed to timely exhaust administrative remedies as required by California Government Code

section 12960, where the last date of the alleged unlawful act was May 6, 2016, and Plaintiff waited until August 16, 2017 (more than three months too late) to file a complaint with and obtain an right-to-sue letter from the Department of Fair Employment and Housing.

**Issue No. 10**: Plaintiff's fifth cause of action for failure to accommodate disability in violation of FEHA fails because the undisputed evidence establishes Kohl's offered Plaintiff reasonable accommodations that would have permitted her to perform the essential functions of her job.

**Issue No. 11**: Plaintiff's sixth cause of action for failure to engage in the interactive process in violation of FEHA fails because the undisputed evidence establishes that Kohl's sufficiently engaged in the interactive process.

**Issue No. 12**: Plaintiff's sixth cause of action for failure to engage in the interactive process in violation of FEHA fails because the undisputed evidence establishes Plaintiff failed to timely exhaust administrative remedies as required by California Government Code section 12960, where the last date of the alleged unlawful act was May 6, 2016, and Plaintiff waited until August 16, 2017 (more than three months too late) to file a complaint with and obtain an right-to-sue letter from the Department of Fair Employment and Housing.

**Issue No. 13**: Plaintiff's seventh cause of action for failure to provide meal periods in violation of Labor Code sections 512 and 226.7 fails because the undisputed evidence establishes that Plaintiff was provided adequate meal periods during the statutory time period and Plaintiff cannot prove otherwise.

**Issue No. 14**: Plaintiff's eighth cause of action for whistleblower retaliation in violation of Labor Code section 1102.5 fails because the undisputed evidence establishes that Plaintiff cannot demonstrate a causal connection between her complaint that her work restrictions were being violated and the termination of her employment in order to make a *prima facie* case for whistleblower retaliation.

**Issue No. 15:** Plaintiff's eighth cause of action for whistleblower retaliation in violation of Labor Code section 1102.5 fails because the undisputed evidence establishes that Kohl's had a legitimate, non-discriminatory, business reason for terminating Plaintiff's employment, and Plaintiff cannot establish that Kohl's stated reasons are a pretext to mask unlawful retaliation.

**Issue No. 16**: Plaintiff's ninth cause of action for wrongful termination in violation of public policy fails because the undisputed evidence establishes that Kohl's had a legitimate, non-discriminatory, business reason for terminating Plaintiff's employment, and Plaintiff cannot establish that Kohl's stated reasons are a pretext to mask unlawful retaliation.

**Issue No. 17**: Plaintiff's claim for punitive damages fails as a matter of law because Plaintiff cannot establish that a managing agent committed any of the wrongs alleged.

**Issue No. 18**: Plaintiff's claim for punitive damages fails as a matter of law because Plaintiff cannot establish, by clear and convincing evidence, the level of fraud, oppression, or malice required for the award of punitive damages.

**Issue No. 19**: Plaintiff's first, second, third, fourth, fifth, sixth, eighth, and ninth causes of action fail as a matter of law because the undisputed evidence establishes that they are barred by the exclusive remedy of the Workers' Compensation Act ("WCA"), California Labor Code §§ 3600-3602.

This motion is based on the Notice of Motion, the Memorandum of Points and Authorities, the Declarations of Julie R. Trotter, Cindy Delatorre, Ryan McGinn, Shelley York, Lou Bellassai and Leslie Pickron, (and Exhibits thereto), the Statement of Uncontroverted Facts and Conclusions of Law, and the [Proposed] Statement of Decision, all of which are filed or lodged concurrently herewith, and on such other evidence and argument as may be presented to this Court prior to or at the hearing on this motion.

**Compliance with Local Rule 7-3**:  This motion is made following conference of counsel pursuant to Central District Local Rule 7-3, which took place on June 11, 2018, as set forth in the Declaration of Julie R. Trotter, filed concurrently herewith.

Dated:  June 18, 2018

CALL & JENSEN
A Professional Corporation
Julie R. Trotter
Shirin Forootan


By: ___/s/ Julie R. Trotter___
      Julie R. Trotter

Attorneys for Defendant Kohl's Department Stores, Inc.